## UNITED STATES *v.* RINGK & Co. (No. 926).[1]

LEATHER STRAPS PROPER TO BE MADE INTO PICKER BELTS.

The importation was of picker straps, leather cut into strips about an inch in width and 30 to 36 inches in length. The goods were properly held to be belting leather under the authority of United States *v.* Richards (1 Ct. Cust. Appls., 537; T. D. 31548), but there was a failure to apply the last provision of paragraph 451, tariff act of 1909, that imposes an additional 10 per cent upon leather of the kind here; that is, suitable for conversion into manufactured articles; but as there was no protest under that paragraph the cause is reversed.—Tilge & Co. *v.* United States (3 Ct. Cust. Appls., 97; T. D. 32360) distinguished.

### United States Court of Customs Appeals, October 28, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28410 (T. D. 32488).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Charles D. Lawrence*, special attorney, on the brief), for the United States.

*John Giblon Duffy* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in question in this case consisted of "picker straps," leather cut into strips about an inch wide and 30 to 36 inches in length, the use of which is as picker belts. It was assessed for duty under paragraph 451 as leather not specially provided for, cut into forms, at 25 per cent ad valorem. A protest was filed against this assessment, claiming that the merchandise is dutiable at 5 per cent or 15 per cent under paragraph 450, or, according to its component materials of chief value, under paragraph 481, or at the rate of 10 or 20 per cent ad valorem as provided under paragraph 480. The board held that the merchandise was assessable at 5 per cent as belting leather, basing its holding upon the authority of United States *v.* Richards (1 Ct. Cust. Appls., 537; T. D. 31548). The Government appeals, claiming that the merchandise is dutiable as manufactures of leather, on the authority of Tilge *v.* United States (3 Ct. Cust. Appls., 97; T. D. 32360).

We think the importation does not fall within the reasoning of the Tilge case. That case dealt with hatbands, which were shown to have a distinct meaning in the trade and to have been a completed article. They had gone through a process of manufacture much more elaborate and complete than has been applied to the merchandise in the present case, which has had no process of manufacture applied to it except the mere cutting to approximate length.

The merchandise was properly rated by the board under the Richards case as belting leather. But the board failed to apply the last provision of paragraph 451, which imposes an additional 10 per

---

[1] Reported in T. D. 32908 (23 Treas. Dec., 326).

cent upon leather cut into "shoe uppers or vamps or other forms suitable for conversion into manufactured articles."

We think this importation should be held to have been cut into forms suitable for manufacture into picker belts. All that remains to be done is to cut the strip to the certain length required and to attach the ends together. It is in the form designed for use and falls directly within the terms of this proviso.

As the protest did not claim under this paragraph, we are not able to apply this rate, but must content ourselves with reversing the decision of the board without affirming that of the collector.